IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| KRISTI DANIEL TEED, ) | |
| ) | CASE NO. BK10-82757-TLS |
| Debtor(s). ) | A10-8084-TLS |
| RYAN F. FORMAN, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| KRISTI DANIEL TEED, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 19) and the debtor-defendant's objection thereto (Fil. No. 22). The debtor represents herself, and Donald A. Roberts represents the plaintiff. Briefs were filed by both parties, evidence was filed by the debtor, and pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1 the motion was taken under advisement without oral arguments.

The motion is granted.

The parties were married to each other, but divorced in January 2010. As part of the divorce decree and property settlement, payment of certain debts for which both parties are liable was assigned to the debtor, including a debt to Nebraska Furniture Mart. That debt is delinquent, and the company has attempted to collect from the plaintiff. Ms. Teed filed a Chapter 7 bankruptcy petition on September 23, 2010. Her former husband filed this adversary proceeding on December 6, 2010, to except from discharge the marital debt she was ordered to pay. The complaint was brought under 11 U.S.C. § 523(a)(5), which holds domestic support obligations non-dischargeable, but the plaintiff later asserted § 523(a)(15) as well, which holds certain debts imposed via divorce decrees non-dischargeable.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

The materials[1] before the court establish that the decree dissolving the parties' marriage contained the following provision:

> IT IS FURTHER ORDERED, by the Court, that [Ms. Teed] shall pay the following debts and hold [Mr. Forman] harmless therefrom: Nebraska Furniture Mart, Capital One credit card, Chase Credit Card, and Citi Card.

Complaint, ¶ 3 (Fil. No. 1).

Section 523 of the Bankruptcy Code excepts from discharge debts for domestic support obligations (§ 523(a)(5)) and any debt

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record[.]

§ 523(a)(15).

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
> (A) owed to or recoverable by –
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or

---

[1] The plaintiff did not submit any evidence on his motion. The debtor's evidence did not include a copy of the decree of dissolution. However, the complaint quotes the relevant portion of the decree, and the debtor specifically admitted its truth in her answer.

    (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

  (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") to expand the protections for those whom the debtor is obligated to support.

Under the Bankruptcy Code as it existed prior to October 2005, bankruptcy courts used to have to distinguish between support obligations and property settlements, because the dischargeability of such debts was treated differently. *See* the prior versions of 11 U.S.C. § 523(a)(5) and (15); *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1056 (8th Cir. 1983) (whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law). Courts were to look at the parties' intent and the function the award was intended to serve at the time of the divorce. *Moeder v. Moeder (In re Moeder)*, 220 B.R. 52, 55 (B.A.P. 8th Cir. 1998) (citing *Holliday v. Kline (In re Kline)*, 65 F.3d 749, 751 (8th Cir. 1995); *Adams v. Zentz*, 963 F.2d 197, 200 (8th Cir. 1992); *Williams*, 703 F.2d at 1056; *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir. 1984)).

Now, however, the distinction between property settlements and support obligations is irrelevant for purposes of dischargeability.[2] The changes wrought by BAPCPA render all debts owed to a former spouse pursuant to a divorce decree non-dischargeable. Hon. William Houston Brown, *Bankruptcy and Domestic Relations Manual* § 1:3(b) (2006) ("Essentially, the combination of section 523(a)(5) and (15) excludes from discharge all marital and domestic relations obligations, whether support in nature, property division, or hold-harmless[.]"). *See also Douglas v. Douglas (In re Douglas)*, 369 B.R. 462 (Bankr. E.D. Ark. 2007):

> Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable. Thus, in individual cases under chapters 7 and 11 and in cases under chapter 12, all of which base dischargeability on the subsections of section 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt.

369 B.R. at 465 (quoting *Tracy v. Tracy (In re Tracy)*, 2007 WL 420252 at *2-3 (Bankr. D. Idaho Feb. 2, 2007)).

---

[2] The distinction remains important for establishing the priority of a debt, as domestic support obligations have first priority. § 507(a)(1).

-3-

The provision of the decree ordering the debtor to pay the Nebraska Furniture Mart and credit card debt, and the "hold harmless" clause included therein, render those debts non-dischargeable.

> [I]n the case of an obligation to pay a debt owed to a third party, it is the obligation to hold the spouse or former spouse harmless that is presumptively nondischargeable under this section. *See* 140 Cong. Rec. H10752, H10770. "A property settlement incorporated by a divorce decree that apportions third party debt to one spouse means that the obligor-spouse indemnifies the obligee-spouse in the event that the obligee is required to pay." *In re Sturdivant*, 289 B.R. 392, 399 (citing *Johnston v. Henson (In re Henson)*, 197 B.R. 299, 303 (Bankr. E.D. Ark. 1996)).

*Douglas* , 369 B.R. at 463-64 n.2; *see also Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 202–03 (B.A.P. 6th Cir. 1998) ("A debtor's obligation as part of a decree or separation agreement . . . to hold a spouse 'harmless' on a third-party obligation [is an example] of incurring a debt which satisfies the qualifying language of § 523(a)(15)[.]")

The debts at issue in this case fit squarely within the § 523(a)(15) exception to discharge. For that reason, Mr. Forman's motion for summary judgment should be granted.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 19) is granted. Separate judgment will be entered.

DATED:  April 21, 2011.

                                          BY THE COURT:

                                          /s/ Thomas L. Saladino
                                          Chief Judge

Notice given by the Court to:
    Kristi Daniel Teed
    *Donald A. Roberts
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.